UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Derrick L. Jones, #350885, ) | C/A No. 4:14-12-MGL-TER |
| ) | |
| Plaintiff, ) | |
| ) | Report and Recommendation |
| vs. ) | |
| ) | |
| Daniel Shipp; Richard Jones; ) | |
| Mr. Marcus Woodson; Mr. William Grove; ) | |
| Mr. Johnny Sapp; Pam Johnson; James Samuel, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff Derrick L. Jones (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915. Plaintiff seeks monetary damages for irregularities pertaining to his sentence. The undersigned recommends summary dismissal for this case, as relief is precluded under *Heck v. Humphrey*, 512 U.S. 477 (1994).

*Pro Se* and *In Forma Pauperis Review*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir.).

The complaint *sub judice* has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Discussion

Petitioner complains he is being held without due process of law. ECF No 1 at 2. He is a state prisoner at the Ridgeland Correctional Institution in Ridgeland, South Carolina, but complains that he is supposed to be in federal custody. ECF No. 1 at 3. Petitioner also complains counsel were ineffective at his plea and sentencing and that his sentencing was irregular. *Id.* He complains he

was told by the state court judge that "he would allow Mr. Jones to get his federal charge tooken (sic) care of first before he sentence (sic) him in state court, and afterwards he will return to sentence Petitioner himself," but that his sentencing did not play out as he had anticipated. *Id*. He seeks to be sent to the correct facility, and asks for monetary damages including "punitive damages for holding Petitioner in unlawful custody." ECF No. 1 at 6.

Plaintiff does not allege that he has successfully challenged his conviction or sentence. The Supreme Court has held that in order to recover damages for imprisonment in violation of the constitution, the imprisonment must first be successfully challenged. *See Heck v. Humphrey*, 512 U.S. 477 (1994).

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id.* at 486-87; *see also Edwards v. Balisock*, 520 U.S. 641 (1997) (the preclusive rule of *Heck* extended to § 1983 claims challenging procedural deficiencies which necessarily imply the invalidity of the judgement). "When a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487. This is known as the "favorable termination" requirement. *See Wilson v. Johnson*, 535 F.3d 262 (4th Cir. 2008). As Plaintiff has not successfully challenged his conviction or sentence, he cannot herein seek damages for the sentence imposed.

Plaintiff's attempt to challenge his sentence and/or any concurrent nature of his sentence sounds in habeas. With respect to his conviction and sentence, a petitioner's sole federal remedy is a writ of habeas corpus under 28 U.S.C. § 2241 or 28 U.S.C. § 2254, which can be sought only after a petitioner has exhausted his state court remedies. *See* 28 U.S.C. § 2254(b); *Picard v. Connor*, 404 U.S. 270 (1971); and *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-491 (1973)(exhaustion required under 28 U.S.C. § 2241). Therefore, Plaintiff cannot seek relief from the imposed sentence in this § 1983 action.

## Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). Plaintiff's attention is directed to the important notice on the next page.

> s/Thomas E. Rogers, III
> Thomas E. Rogers, III
> United States Magistrate Judge

February 14, 2014
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).